Li v. Holder

BIA
Poczter, IJ
A200 179 293

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

DE HANG LI,
> *Petitioner,*

v.                                        13-3885
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         WaiSim M. Cheung, Tsoi and
                        Associates, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Douglas E. Ginsburg,

**Assistant Director; Erik R. Quick, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

De Hang Li, a native and citizen of China, seeks review of a September 20, 2013, order of the BIA affirming the August 8, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Hang Li*, No. A200 179 293 (B.I.A. Sept. 20, 2013), *aff'g* No. A200 179 293 (Immig. Ct. N.Y.C. Aug. 8, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v.*

2

*Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Li began practicing Falun Gong in China and asserts a fear of persecution in China on account of his Falun Gong activities in China and in the United States. The agency found that Li failed to demonstrate past persecution because he testified to only one encounter with Chinese police – a warehouse raid in which he escaped – and he had no further contact with police, nor was he thereafter ever arrested, detained, or physically mistreated. Li's opening brief does not challenge these findings and, therefore, we address only whether Li has demonstrated a well-founded fear of future persecution. *See* Fed. R. App. P. 28(a)(8)(A); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An alien must show that he will be singled out by authorities or that there is a pattern or practice of persecution such that

3

authorities would become aware of his activities. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Stated another way, "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Li did not present evidence that the Chinese government has a continued interest in him because of his Falun Gong activities in China. Li testified, and his father's declaration confirmed, that although the police apparently came looking for him at his parents' home on two occasions following the warehouse raid, government officials never again visited his parents' home or asked his family about his whereabouts after he left China in November 2010. Although Li points out that the record contains no evidence that Chinese officials have elected *not* to punish him, he bears the burden of demonstrating that Chinese officials remain interested in him. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Without supporting evidence, any argument about future persecution because of his activities in China is merely speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

4

Li also conceded that Chinese officials are unaware of his activities in the United States and that his future persecution claim is not centered around these activities. Accordingly, the agency did not err in finding that Li failed to establish a well-founded fear of being singled out for persecution on account of his Falun Gong activities in China or the United States. *See Hongsheng Leng*, 528 F.3d at 143.

Nor did Li establish a pattern or practice of persecution. An applicant need not "provide evidence that there is a reasonable possibility he . . . would be singled out individually for persecution if . . . [he] establishes that there is a pattern or practice . . . of persecution of a group of persons similarly situated to [him]." 8 C.F.R. § 1208.13(b)(2)(iii). A pattern or practice of persecution is one that is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005).

The 2010 State Department report Li submitted described general mistreatment of Falun Gong practitioners, noting that it was difficult to confirm some aspects of reported abuse and stating that in some areas neighborhood groups were reportedly instructed to report on Falun Gong members.

5

But this report, by itself, does not establish that Li, who did not demonstrate that Chinese authorities were aware of his Falun Gong practice, would be persecuted upon return to China. *See In re Vigil*, 19 I. & N. Dec. 572, 577-78 (B.I.A. 1988) (dismissing appeal in part for lack of evidence that others similarly situated in the United States were persecuted upon return to home country); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence in immigration proceedings lies largely within discretion of the agency).

Finally, the agency did not abuse its discretion in denying Li's motion to remand. The agency rejected the IJ's corroboration ruling and assumed Li's claims regarding his Falun Gong practice and protest participation to be true. Therefore, any error that the IJ committed was harmless. Additionally, the BIA determined that the evidence Li submitted in support of his remand motion (which addressed only his Falun Gong activities in the United States) would not alter its conclusion that Chinese authorities are neither aware of nor interested in punishing Li for his Falun Gong activities in the United States. In light of

these rational explanations, it cannot be said that the BIA abused its discretion in denying Li's remand motion, because remand would not have altered the ultimate result of the proceedings. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Because Li failed to demonstrate a well-founded fear of persecution on account of his Falun Gong practice, as required for asylum, he necessarily could not meet the higher burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk